An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY PHILLIP ZAMORA,
Appellant,
vs.
HOWARD SKOLNIK; AND JIM
BENEDETTI,
Respondents.

No. 59896

**FILED**

MAY 1 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Tenth Judicial District Court, Churchill County; William Rogers, Judge.

Probation revocation

Appellant first claims that the district court erred in finding that appellant's probation was properly revoked where the revocation was due to appellant's inability to pay restitution and supervision fees. The district court found that appellant's claim was belied by the record because his revocation was based on four violations, including that appellant committed a new criminal offense. Appellant does not dispute that he committed a new offense, *see generally McNallen v. State*, 91 Nev. 592, 540 P.2d 121 (1975) (affirming revocation of probation where violation by probationer was not refuted), and the district court's finding is supported by substantial evidence in the record. We therefore conclude the district court did not err in denying this claim.

Ineffective-assistance-of-trial-counsel claims

Appellant next claims that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective

13-14043

assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims counsel was ineffective for failing to adequately voir dire prospective jurors or review their questionnaires. Appellant fails to demonstrate deficiency or prejudice. The district court found that counsel reviewed the questionnaires and had tactical reasons for not questioning each juror individually or belaboring points already covered by the district court's questioning. The district court's findings are supported by substantial evidence. Further, appellant failed to present any evidence to support his claim that had counsel engaged in further review or questioning, the outcome at trial would have been different. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claims counsel was ineffective for failing to take steps after the preliminary hearing to have the case addressed as a

civil rather than a criminal matter. Appellant fails to demonstrate deficiency or prejudice. Regardless of whether appellant's actions could also have been the basis for a civil action, the district attorney had discretion whether to seek to try the case as a civil matter, *see Salaiscooper v. Dist. Court*, 117 Nev. 892, 902-03, 34 P.3d 509, 516 (2001), and appellant concedes that the lower court determined there was probable cause to bind appellant over for trial. Further, although appellant suggests that counsel could have persuaded the district attorney to drop the criminal charges or filed a pretrial petition for a writ of habeas corpus in this court challenging the probable-cause finding, appellant failed to specify what arguments such pleas and pleadings would have contained or that either would have been successful, especially in light of the jury having found him guilty. *Cf. Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996) (holding that petitioner did not demonstrate prejudice where he failed to demonstrate that a motion to suppress evidence would have succeeded); *see also Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). We therefore conclude that the district court did not err in denying this claim.

Third, appellant claims counsel was ineffective for failing to present to the jury evidence of appellant's background, family, and other matters that show he "is a real person." Appellant fails to demonstrate deficiency or prejudice. Appellant makes only bare claims and presented no such "humanizing" evidence at the evidentiary hearing. Further, the jury found appellant guilty, and he does not explain how a "humanized"

defendant would have affected that outcome. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claims counsel was ineffective for not making offers of proof at trial, fully investigating and arguing the critical issues of the case, using visual aids to assist the jury with the financial documents admitted into evidence, and offering jury instructions directing the jury that this matter should be disposed of as a civil case and that he was prejudiced by the cumulative effect of counsel's errors. These claims were not raised below, and we therefore decline to consider them on appeal in the first instance. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

Direct-appeal claims

Appellant next claims that the district court erred in not considering his claims that the State failed to prove the requisite intent, he was denied the right to a fair and impartial jury, and the trial court erred in refusing to allow appellant to impeach the victim.[1] Each of these claims was raised and rejected on direct appeal, and the doctrine of the law of the case prevents further litigation of these issues. *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Appellant made no attempt to argue that the doctrine of the law of the case should not apply here. *See Hsu v. County of Clark*, 123 Nev. 625, 632, 173 P.3d 724, 729-30 (2007); *see also Maresca*, 103 Nev. at 673, 748 P.2d at 6. To the extent appellant suggests that the ineffective assistance of appellate counsel may excuse

---

[1]Appellant's claim regarding impeachment was not raised in the petition below, and we therefore decline to consider it on appeal in the first instance. *Davis*, 107 Nev. at 606, 817 P.2d at 1173.

any bar, appellant did not argue this below and we therefore decline to consider it on appeal in the first instance. *Davis*, 107 Nev. at 606, 817 P.2d at 1173. We therefore conclude that the district court did not err in denying these claims.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. William Rogers, District Judge
       Cheri K. Emm-Smith
       Churchill County District Attorney
       Attorney General/Carson City
       Churchill County Clerk